

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00008-CV

IN THE INTEREST OF J.S. AND B.R., CHILDREN

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 88,044-E, Honorable Carry Baker, Presiding

April 9, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Father, appeals the trial court's order terminating his parental rights to his daughters, J.S. and B.R.[1]  Appointed counsel for Father has filed an *Anders*[2] brief in support of a motion to withdraw.  Finding no arguable grounds for appeal, we reform the judgment of the trial court and affirm as reformed.

---

[1] To protect the privacy of the parties involved, we will refer to the appellant as "Father," to the children's mother as "Mother," and to the children by initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2019); TEX. R. APP. P. 9.8(b).  Mother's parental rights were also terminated in this proceeding. Mother does not appeal.

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

## Factual and Procedural Background

Mother, Father, and their children, J.S. and B.R., have been involved with the Texas Department of Family and Protective Services since January of 2016. In July of 2017, Mother and Father entered into an agreed final order in a suit affecting the parent-child relationship, appointing the Department as the permanent managing conservator of J.S. and B.R. In February of 2019, the Department filed its petition for termination of parental rights because of allegations of Father's continuing criminal conduct, abandonment of the children, and lack of progress with the court-ordered family plan of service.

Father was incarcerated in the Potter County Detention Center at the time of trial and stated that he was unable to provide J.S. and B.R. with a safe place to live. The Department produced evidence that Father received deferred adjudication community supervision for assault family violence for an incident that occurred in May of 2016. Mother was the victim of that assault. Father was arrested for another incident of family violence assault against Mother in August of 2017 and also received deferred adjudication community supervision for that offense. Father was incarcerated from August of 2017 until March of 2018. Also in March, Father signed his family plan of services and then "went on the run" because he was "in trouble for theft." In May of 2019, Father was arrested for violating his community supervision and for charges related to a felony theft. In July 2019, Father's community supervision was revoked and he was sentenced to the Texas Department of Criminal Justice for three years. Father did not work any services

in his plan of service and the last time that he visited with the children was in August of 2017.

J.S. and B.R. are placed with a maternal cousin who plans to adopt them if parental rights are terminated. J.S. and B.R. appear to be doing "very well" in this placement. J.S. is five years old and attends speech therapy and pre-kindergarten. B.R. is four years old and also receives speech therapy. The Department has no concerns about the placement.

The trial court terminated Father's parental rights to J.S. and B.R. on the grounds of endangerment, constructive abandonment, failure to comply with a court order that established actions necessary to retain custody of the children, and engaging in criminal conduct resulting in confinement.[3] *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (N), (O), (Q) (West Supp. 2019).[4] The trial court also found that termination was in the best interest of J.S. and B.R. *See* § 161.001(b)(2).

Law and Analysis

Pursuant to *Anders*, Father's court-appointed appellate counsel has filed a brief certifying that he has diligently searched the record and has concluded that the record reflects no arguably reversible error that would support an appeal. *In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no

---

[3] The grounds listed in the order of termination also included a finding on subsection (D), endangering conditions. However, the judge did not grant termination on this ground.

[4] Further references to provisions of the Texas Family Code will be by reference to "section __" or "§ __."

pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief"); *In re L.J.*, No. 07-14-00319-CV, 2015 Tex. App. LEXIS 427, at *2-3 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.) (same).

Counsel certifies that he has diligently researched the law applicable to the facts and issues and discusses why, in his professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). By his *Anders* brief, counsel concludes that reversible error is not present because sufficient evidence supports termination under subsections (E), (O), and (Q) in the trial court's order. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex. App.—Amarillo 2005, no pet.) (only one predicate finding under section 161.001(b)(1) is necessary to support termination when there is also a finding that termination is in a child's best interest). Counsel has complied with the requirements of *Anders* by providing a copy of the brief, motion to withdraw, and appellate record to Father, and notifying him of his right to file a pro se response if he desired to do so. *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *2-3 (Tex. App.—Amarillo Nov. 9, 2015) (order) (per curiam). Father has not filed a response to his counsel's *Anders* brief.

Due process requires that termination of parental rights be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (citing *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002)). This standard falls between the civil preponderance of the evidence standard and the reasonable doubt standard of criminal proceedings. *Id.* at 73. Clear and convincing evidence is that "measure or degree of

4

proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2019). Reviewing the legal sufficiency of the evidence supporting parental termination requires us to review "all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. In a factual sufficiency review, we are to determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.*, 89 S.W.3d 17, 28-29 (Tex. 2002); *In re T.B.D.*, 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.).

In light of the Texas Supreme Court opinion in *In re N.G.*, we also review the trial court's findings under section 161.001(b)(1)(E), because of the potential future consequences to Father's parental rights concerning a different child. *In re N.G.*, 577 S.W.3d 230, 235-37 (Tex. 2019) (per curiam);[5] *In re M.M.*, 584 S.W.3d 885, 889 (Tex. App.—Amarillo 2019, pet. denied) (mem. op.).

---

[5] Subsection (b)(1)(M) permits parental rights to be terminated if the parent has "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state." *In re N.G.*, 577 S.W.3d at 234 (quoting section 161.001(b)(1)(M) of the Family Code). Because findings based on subsections (b)(1)(D) or (E) may become "a basis to terminate [a] parent's rights to other children," the Supreme Court reasoned that when a parent presents an appellate issue related to subsections (b)(1)(D) or (E) and the appellate court does not address the issue on appeal, the appellate court "eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children." *Id.* at 235. According to the Supreme Court, "the parent's fundamental liberty interest at stake outweighs the state's interest in deciding only what is necessary for final disposition of the appeal." *Id.* at 237. "Allowing section 161.001(b)(1)(D) or (E) findings to go unreviewed on appeal when the parent has presented the issue to the court thus violates the parent's due process and due course of law rights." *Id.*

Section 161.001(b)(1)(E) permits termination when clear and convincing evidence shows that the parent has engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the child's physical or emotional well-being. *See* § 161.001(b)(1)(E). Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's physical or emotional well-being was the direct result of the parent's conduct, including acts, omissions, and failures to act. *In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.). Termination under subsection (E) must be based on more than a single act or omission. A voluntary, deliberate, and conscious course of conduct by a parent is required. *Id.* To support a finding of endangerment, the parent's conduct does not necessarily have to be directed at the child, nor is the child required to actually suffer injury. *Tex. Dep't of Human Servs. v. Boyd,* 727 S.W.2d 531, 533 (Tex. 1987). A factfinder is also not limited to consideration of the parent's actions before the child has been removed by the Department; any actions or inactions occurring before and after a child was born may be considered, including evidence of a parent's drug use or propensity for violence. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009).

As in a criminal case, we have independently examined the entire record to determine whether there is a non-frivolous issue that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable factfinder could have formed a firm belief or conviction that grounds for termination existed and that termination of Father's parental rights was in the best interest of J.S. and B.R. *See* § 161.001(b)(1), (2) (West Supp. 2019)*; In re M.M.,* 584 S.W.3d at

890. Specifically, we conclude the trial court's findings with respect to subsections (E) and (N) and its finding with respect to the best interest of J.S. and B.R. were supported by the evidence.[6]

After reviewing the record and the *Anders* brief, we agree with counsel that there are no plausible grounds for reversal. However, a reformation of the order of termination is warranted to conform to the trial court's pronouncement and the pleadings. We reform the order of termination to delete the findings as to subsections (D) and (Q).

Accordingly, the trial court's order terminating Father's parental rights to J.S. and B.R. is affirmed as reformed.[7]

Judy C. Parker
Justice

---

[6] The order of termination lists the predicate grounds as subsections (D), (E), (N), (O), and (Q). Our examination of the record reveals that the associate judge pronounced termination based on subsections (E), (N), (O), and (Q), and that the Department did not plead subsection (Q) as a ground for termination. We reform the order of termination so that it accurately reflects the court's pronouncement and the pleadings of the Department. *Ruiz v. Tex. Dep't. of Family & Protective Servs.*, 212 S.W.3d 804, 814 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("[A] parental rights termination order can be upheld only on grounds both pleaded by [DFPS] and found by the trial court.").

[7] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).